NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANTE HANALEI PATTISON, | No. 15-16912 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00020-MMD-VPC |
| v. | |
| THE STATE OF NEVADA, EX REL, NEVADA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Nevada state prisoner Dante Hanalei Pattison appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo the district court's decision on cross-motions for summary judgment.  *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment for defendants on Pattison's retaliation claim because Pattison failed to raise a genuine dispute of material fact as to whether defendants retaliated against him because of his earlier lawsuit.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment for defendants on Pattison's deliberate indifference claim because Pattison failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (difference in opinion between the physician and the prisoner regarding the appropriate course of treatment does not amount to deliberate indifference).

15-16912

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including discovery and case management issues. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Pattison's contention that the district court was biased against him.

**AFFIRMED.**